**SELLS PETROLEUM, Inc., et al. v. VIC-
TORY SWABBING CO., Inc.**

**No. 6319.**

Court of Civil Appeals of Texas. Texarkana.

Feb. 5, 1948.

Rehearing Denied March 4, 1948.

Grover C. Parker and C. R. Newland, both of Gladewater, and J. N. Saye, of Longview, for appellants.

Hatchell & Hatchell and Fred Erisman, all of Longview, for appellee.

HALL, Chief Justice.

Appellee instituted this suit against appellants for money alleged to be due it by appellants for drilling two wells for oil and for the use of its swabbing machine in cleaning out another well. The work was performed in Williamson, Caldwell and Travis counties. All contracts alleged between the parties were oral. Appellants entered their general denial. The trial was to a jury on special issues, all of which were answered favorably to appellee, and judgment rendered for appellee against both Murry C. Sells and Sells Petroleum Company, Inc., jointly and severally. Appellants will hereafter be referred to as "Sells" and "the Corporation."

By point two appellants assert that the trial court erred in rendering judgment against Sells for the reason that there were no findings by the jury with respect to Sells' liability. This point is conceded by appellees and no further notice will be taken of this point than to reverse and remand the cause as to Sells.

By point one appellants assert that the trial court erred in rendering judgment against the Corporation because there is no proof in the record that it entered into any contracts pleaded by appellee. This point presents the controlling question here.

Appellee's case rests upon three alleged oral contracts with Sells and the Corporation to drill two wells for oil, one known as Timmerman well in Travis County and the other known as the Nelson well in Williamson County, and for swabbing and cleaning out a well in Caldwell County known as the Richards well. It is claimed by appellee, as testified to by its president Powell, that it entered into separate oral contracts with Sells to drill each of said wells and to swab the Richards well. It

is alleged also that Sells was not only acting for himself individually but as agent of the Corporation. Appellee also contends, and its witness Powell so testified, that Sells authorized one C. C. Campen to act as his agent in carrying out the terms of the oral agreements. Appellee drilled the Timmerman well to a depth of around 1,000 feet and also drilled the Nelson well to a lesser depth. It also delivered its swabbing machine to the Richards well in Caldwell County, and same was used in swabbing that well. It is the contention of Sells and the Corporation that whatever work was done by appellee was on behalf of and at the behest of Campen and that neither of the appellants entered into any contract whatsoever with appellee to do any work for them.

■■ Since this case must be reversed as to Sells individually, we are not concerned with the relationship Campen bears to him, but only with the acts and conduct, if any, of Sells and Campen for the Corporation. In approaching this question we must assume that, in law, Sells and the Corporation are two separate and distinct persons, Adams v. Farmers Gin Co., Tex. Civ.App., 114 S.W.2d 583, 18 C.J.S., Corporations, § 4, and an agent of Sells individually would not perforce such fact alone be an agent of the Corporation. The acts of Sells should not be construed as the acts of the Corporation unless and until it is shown by direct evidence or relevant circumstances that such acts were authorized by or for the benefit of the Corporation and accepted by it. Appellee furnishes no direct evidence to the effect that in its alleged dealings with Sells, he (Sells) was representing the Sells Corporation, or that the Corporation ever adopted his acts. We are furnished with the circumstances (a) that the operations carried on by Sells and· Campen in securing oil and gas leases and developing them were of the same character as the business conducted by the Sells Corporation; (b) that Sells is president of the Sells Corporation; (c) that appellee received partial payment for the work performed by checks drawn on the Sells Corporation in favor of Campen and for which Campen gave his personal note at the time he received the checks; (d) that one Keenan, an attorney for appellant Corporation wrote a letter to T. E. Nelson of Round Rock, lessor in one of the leases, upon which the Nelson well was drilled, in which Keenan directed Nelson to take up with Campen a certain adjustment with reference to one of the leases near the Nelson well; (e) that Sells loaned pipe and derrick to appellee; and (f) that in some of the leases in the Travis and Williamson County block, Sells' name appeared as one of the lessees.

■■ Undoubtedly this record presents a disputed issue of fact as to whether Sells entered into the contracts sued on with appellee, which should be determined by the trier of the facts, but it must be remembered that every act of Sells cannot be charged to the Corporation unless it is shown that he was acting for the Corporation rather than for himself individually; or that the Corporation ratified his acts. The record reflects clearly that in assembling the Karnack block in Harrison County, Campen and Sells were acting in their individual capacity. The Corporation is not mentioned anywhere. Sells' name appeared in some of the leases in the Travis County and Williamson County block, but this fact points to Sells, individually, rather than to the Corporation. Therefore, the mere fact, assuming it to be a fact, that Sells entered into contracts with appellee to drill the two wells and swab the other, standing alone, could not bind the Corporation. There must be evidence of probative force in some manner connecting the Corporation with Sells' act. Appellee's witness Powell testified a dozen or more times that he made the contracts for his company with Sells, and nowhere does he mention that Sells was acting for appellant Corporation. In his testimony with respect to Campen, Powell states that Sells told him to take orders from Campen, that Campen was his lease man or looked after his ʹlease business. These circumstances do not establish the fact of Campen's or Sells' agency for the Sells Corporation. We think the unequivocal testimony of appellee's witness Powell with respect to the making of the contracts and to whom appellee was looking for its pay puts at rest the contention that the Cor-

poration is liable under this record on the contracts. Powell testified:

"Q. Mr. Powell, on June 23, 1945 (after all the work had been performed by appellee), did you know who owed you for the drilling of these wells? A. Yes, sir.

"Q. Who owed you at that time? A. Murray Sells.

"Q. Who else? A. That is all I had any dealings with.

"Q. Did any one else owe you at that time? A. No, sir."

Powell, more than any one else, knew with whom he made the alleged contracts and to whom his company was looking for its pay. He emphatically states it was Sells and no one else. It may be that he considered Sells and the Corporation one and the same but under this record we would not be justified in deciding this cause upon what appellee's witness alone thought or intended.

It is therefore our opinion, based upon a careful study of this record containing more than a thousand pages, that the facts and circumstances are insufficient to support the jury's verdict against the Corporation and the judgment of the trial court based thereon.

We have examined all other points advanced by appellant and have concluded that a discussion of them will be unnecessary in view of the holding expressed above.

The judgment of the trial court is reversed and the cause remanded.